UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESMOND ACHALEFAC ACHA,<br><br>                              Petitioner,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>                              Respondents. | Case No.:  26-cv-1289-JO-MSB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS [DKT. 1]** |

For the reasons stated at Dkt. 8, the Court GRANTS the habeas petition [Dkt. 1] and ORDERS as follows:

1. **Habeas Petition**: The Court GRANTS Petitioner's habeas petition [Dkt. 1].

2. **Release:** Respondents are ORDERED to release Petitioner by 5 p.m. on March 20, 2026.  Respondents must file a declaration confirming Petitioner's release by 5 p.m. on the following business day.

3. **Limitations on Removal and Redetention**: Respondents are ENJOINED from removing Petitioner from the United States or from this District, or from redetaining him, unless the government (1) has identified a third country willing

1

to accept Petitioner and (2) has made concrete arrangements for his flight to the identified third country in the reasonably foreseeable future.  Respondents shall file a written declaration with this Court **at least 48 hours prior** to any redetention, confirming that they have satisfied the requirements above.

4. **Restrictions on Removal to a Third Country**: To ensure Petitioner receives constitutionally adequate process—including notice and a meaningful opportunity to seek relief from removal to a country where he may face persecution or torture—the Court ENJOINS Respondents from removing Petitioner to any country not designated on his order of removal (*i.e.*, a "third country") unless they comply with all of the following procedures.  *See Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (*per curiam*) (noncitizens are entitled to due process of law in removal proceedings); *Boumediene v. Bush*, 553 U.S. 723, 779-80 (2008) (while habeas relief commonly includes reprieve from physical imprisonment, "depending on the circumstances, more [relief] may be required").

   a. Respondents must provide Petitioner with written notice identifying the intended country of removal in a language Petitioner understands, and affirmatively ask whether he fears removal to the country identified in the notice;

   b. If Petitioner expresses fear of removal to the identified third country, Respondents must provide a reasonable fear interview **at least 10 days after** issuing the notice, to allow Petitioner sufficient time to prepare for the interview, *see Kumar v. Wamsley*, No. C25-2055-KKE, --- F.Supp3d. ---, 2025 WL 3204724, *8 (W.D. Wash. Nov. 17, 2025) (citing 8 C.F.R. § 208.31(b) and observing that regulations concerning reasonable fear interviews in other immigration contexts contemplate a ten-day timeframe);

   c. If Respondents determine that Petitioner does have a reasonable fear of removal to the third country, they must move to reopen his removal

26-cv-1289-JO-MSB

proceedings to permit him to apply for protection from removal to that third country, including withholding of removal under 8 U.S.C. § 1231(b)(3) and protection under the Convention Against Torture;

d. If Respondents determine that Petitioner does not have a reasonable fear of removal to the third country, they must provide him with a reasonable period of time to file a motion to reopen with the immigration court or the Board of Immigration Appeals; **and**

e. Respondents must file a declaration with this Court confirming that they have complied with all the procedures listed above **at least 7 days prior** to removing Petitioner to any third country in order to provide him with an opportunity to challenge any further unlawful detention.

f. The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: March 19, 2026

_____
Honorable Jinsook Ohta
United States District Judge

3

26-cv-1289-JO-MSB